UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRYAN WHITNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:14-cv-00278-WTL-DKL |
| ) | |
| DR. JONES, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Defendant's Motion for Summary Judgment**

Plaintiff Bryan Whitney, an inmate of the Federal Bureau of Prisons ("BOP") at the Medium Federal Correctional Institution in Petersburg, Virginia, brings this action pursuant to the theory recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging that defendant Dr. Jones was deliberately indifferent to his serious medical needs while he was incarcerated at the Federal Correctional Complex in Terre Haute, Indiana ("FCC-Terre Haute"). Specifically, Whitney contends that Dr. Jones was deliberately indifferent to him by refusing to authorize surgery for an abdominal hernia until Whitney lost weight. The defendant seeks the resolution of this action through summary judgment arguing that Whitney failed to exhaust his available administrative remedies with respect to his claims as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 ("PLRA").

1

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

## II. Discussion

A. *Undisputed Facts*

Consistent with the foregoing, therefore, the following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts are presented in the light reasonably most favorable to Whitney as the non-moving party with respect to the motion for summary judgment.

The BOP promulgated an administrative remedy system which is codified in 28 C.F.R. §§ 542.10, *et seq*., and BOP Program Statement 1330.18, *Administrative Remedy Procedures for Inmates*. The Administrative Remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8. If the inmate is not satisfied with the informal remedy response, he is required to first address his complaint with the Warden via a BP-9.

If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director via a BP-10. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel via a BP-11. Once an inmate receives a response to his appeal from the General Counsel, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted as to the specific issues properly raised therein.

All codified BOP Program Statements are available for inmate access via the institution law library, including BOP Program Statement 1330.18. Additionally, Administrative Remedy filing procedures are outlined in an Inmate Information Handbook that is available to inmates at their respective BOP facility.

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP.

From February 24, 2010, through April 19, 2011, Whitney was incarcerated at FCC-Terre Haute. Defendant Dr. Roger Jones was employed as a physician at FCC-Terre Haute from November 21, 2010, through March 25, 2012.

Between February 24, 2010, and September 17, 2014, Whitney filed a total of thirteen requests for administrative remedy which correspond to four different administrative remedy request numbers—request number 598406, request number 602417, request number 684260, and request number 744216. Of these four administrative remedy requests numbers, only two were fully exhausted under BOP's administrative remedy process—request number 598406 and request number 684260.

Although Whitney did fully exhaust request number 598406 and request number 684260, neither one of these requests cover the claims raised against Dr. Jones in this lawsuit. As for request

3

number 598406, first filed on July 14, 2010, Whitney complained of chronic pain in his lower back, spine, legs, feet, and pelvis and requested to be seen by a specialist, pain medication, and x-rays of his pelvis and legs. He did not complain about his abdominal hernia or need for hernia surgery.

In administrative remedy request number 684260, Whitney complains about a hernia and requests emergency surgery on that hernia. But this request was filed too late to apply to any claims against Dr. Jones because completion of the informal resolution and submission of a BP-9 must be completed within 20 calendar days following the date on which the basis for the request occurred. 28 C.F.R. § 542.14. Whitney filed remedy number 684260-F1, the BP-9 in which he requests emergency surgery on his hernia, on April 12, 2012, at the Federal Correctional Institution ("FCI") in Marianna, Florida, nearly a year after he left FCC-Terre Haute. Whitney further alleges in his Complaint that he last communicated with Dr. Jones on January 6, 2011, well over a year after he first filed remedy number 684260.

B. *Analysis*

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. This includes claims, like Whitney's which allege deficient medical care. *See Smith v. Zachary*, 255 F.3d 446, 451-52 (7th Cir. 2001). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some

4

orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Whitney does not argue that he completed the grievance process as to the claims raised in this case. Instead, he contends that his purported compliance with the "preliminary steps required by the BOP" is sufficient for exhaustion such that his "next, and culminating step is a civil lawsuit." (Docket No. 53 at p. 7.) Under well-settled law, however, full and complete exhaustion of the administrative remedies, which includes the timely filing of a BP-8, BP-9, BP-10, and BP-11 that meet all the mandatory requirements, is required before instituting a lawsuit. *See, e.g., Pozo*, 286 F.3d at 1025 (requiring prisoners to take all steps prescribed by the prison system before litigating). It is not enough for Whitney to have filed multiple "cop-outs" or requests. Because he failed to submit his remedy requests in the place and time required by the BOP, he has failed to exhaust his available administrative remedies. *See Dale*, 376 F.3d at 655.

In addition, Whitney's assertion that a BP-9 related to his hernia was not signed or given back to him while incarcerated at the FCC-Terre Haute does not advance his efforts to defeat the motion for summary judgment, because pursuant to 28 C.F.R. § 542.18, he could have considered the absence of a response to be a denial at that level and proceeded forward with an appeal by filing a BP-10 and then a BP-11. 28 C.F.R. § 542.18.

Whitney has simply not provided any evidence to contradict the defendant's evidence which establishes Whitney did not fully exhaust his available administrative remedies as to the

5

claims raised in this civil action. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Whitney's claims should not have been brought and must now be dismissed without prejudice. *See Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating"); *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### III. Conclusion

The defendants' motion for summary judgment [dkt 48] is **granted**. Judgment consistent with this Entry shall now issue.

The motion for jury trial [dkt. 55] is **denied as moot.**

**IT IS SO ORDERED.**

Date: 4/16/15

_____
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

BRYAN WHITNEY
Reg. No. 13680-052
PETERSBURG - MEDIUM FCI
PETERSBURG MEDIUM FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1000
PETERSBURG, VA 23804

All Electronically Registered Counsel